# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JONATHAN WAYNE MUNDO,

    Petitioner,

v.

DIRECTOR OF N.D.O.C., et al.,

    Respondents.

Case No. 3:17-cv-00322-HDM-CBC

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 10), respondents' motion to dismiss (ECF No. 13), petitioner's opposition (ECF No. 17), and respondents' reply (ECF No. 19). The court finds that this action is untimely, and the court grants the motion to dismiss in part.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

  Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

  The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

  The state grand jury charged petitioner with one count of conspiracy to commit robbery, one count of burglary while in possession of a deadly weapon, and three counts of robbery with

the use of a deadly weapon. Ex. 12 (ECF No. 14-12). Petitioner agreed to plead guilty to one count of conspiracy to commit robbery (count 1) and one count of robbery with the use of a deadly weapon (count 2).[1]  Ex. 20 (ECF No. 14-20). The state district court sentenced petitioner to a minimum of 12 months and a maximum of 30 months for count 1. For count 2, the state district court sentenced petitioner to a minimum of 24 months and a maximum of 60 months for the robbery and a consecutive minimum of 24 months and maximum of 60 months for the deadly-weapon enhancement. Both sentences for count 2 run consecutively to the sentence for count 1. The state district court entered its judgment of conviction on July 18, 2013. Ex. 21 (ECF No. 14-21). Petitioner did not appeal.

The petition is untimely. On August 19, 2013, the time to appeal the judgment of conviction expired, the judgment became final, and the one-year period of 28 U.S.C. § 2244(d)(1) started. Petitioner had nothing pending in the state courts in the year following finality of the judgment of conviction. The one-year period expired at the end of August 19, 2014.

On March 2, 2016, petitioner filed the first of several motions and petitions that attacked his judgment of conviction for various reasons. Even if these motions and petitions were eligible to toll the one-year period under § 2244(d)(2), the one-year period already had expired before petitioner filed the first of these motions. No time was left to be tolled. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner claims that he is actually innocent of the deadly-weapon enhancement because the weapon at issue was an airsoft gun. He argues that he wanted to tell the grand jury that his co-defendant told the police that the weapon at issue was an airsoft gun, not a real gun. However, at the same time he needed to be at a hearing in the Henderson Justice Court. ECF No. 17, at 2. Petitioner has not presented any new evidence of actual innocence. What he is presenting is something that he knew before he pleaded guilty. He could have litigated the sufficiency of the evidence supporting the deadly-weapon enhancement. Instead, he decided to plead guilty to reduced charges. That guilty plea bars petitioner from litigating claims of constitutional violations that occurred before entry of the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

---

[1] Petitioner also agreed to plead guilty to one count of burglary in another case.

3

Petitioner cannot repackage a barred claim of insufficient evidence as an argument of actual innocence, without some new evidence.

Petitioner's actual-innocence argument also fails to address the charges that the prosecution dropped in exchange for his guilty plea. As noted above, the prosecution dropped one count of burglary while in possession of a deadly weapon[2] and two counts of robbery with the use of a deadly weapon in exchange for petitioner's plea. If petitioner actually did not use a deadly weapon, he still benefited by the dropping of one count of burglary and two counts of robbery. Even without the deadly-weapon enhancements and aggravation, petitioner faced a far longer time in prison with convictions for all non-enhanced counts than he actually received with the enhanced count of robbery with the use of a deadly weapon. "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley v. United States, 523 U.S. 614, 624 (1998). By not addressing the charges that the prosecution dropped, petitioner has not demonstrated actual innocence.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

Respondents present other arguments. The court will not address them because the court is dismissing the action as untimely.

Petitioner has filed a motion for state-court record (ECF No. 12). This motion is moot because respondents provided that record with their motion to dismiss.

Petitioner has filed a request for an evidentiary hearing (ECF No. 20) and a request for an enlargement of time (ECF No. 27) to file a reply to respondents' opposition to that motion. The court denies these motions because the court has resolved respondents' motion to dismiss based upon the documents on file.

---

[2] Burglary while in possession of a deadly weapon is an aggravated version of burglary with possible sentences greater than what simple burglary allows. Nev. Rev. Stat. § 205.060(2), (4). The deadly-weapon enhancement statute does not apply when possession of a deadly weapon is an element of the offense itself. Nev. Rev. Stat. § 193.165(4).

4

| | |
|---|---|
| 1 | Petitioner has filed a motion for leave to file a response to respondents reply (ECF No. |
| 2 | 21). "Surreplies are not permitted without leave of court; motions for leave to file a surreply are |
| 3 | discouraged." LR 7-2(b). The court does not find good cause for filing a surreply, and the court |
| 4 | denies petitioner's motion. |
| 5 | Petitioner has filed a letter to the clerk, docketed as a motion (ECF No. 25), asking for a |
| 6 | copy of the docket sheet, a copy of his opposition to the motion to dismiss (ECF No. 17), and a |
| 7 | copy of his motion for an evidentiary hearing (ECF No. 20). The court will send petitioner a |
| 8 | copy of the docket sheet. The court will not send petitioner a copy of the documents that he filed |
| 9 | in the court. In particular, his opposition (ECF No. 17) is 121 pages long. If petitioner wants |
| 10 | copies of the documents that he filed with the court, then he will need to arrange to pay for those |
| 11 | copies. |
| 12 | Petitioner has filed a motion for transcripts (ECF No. 28), a motion to supplement the |
| 13 | motion for transcripts (ECF No. 31), a motion to stay the previous two motions (ECF No. 35), |
| 14 | and a motion to strike or withdraw all previous three motions (ECF No. 36). The court grants that |
| 15 | last motion and will not take action on the first three motions. |
| 16 | IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 13) is |
| 17 | **GRANTED** in part. This action is **DISMISSED** with prejudice as untimely. The clerk of the |
| 18 | court shall enter judgment accordingly and close this action. |
| 19 | IT FURTHER IS ORDERED that a certificate of appealability will not issue. |
| 20 | IT FURTHER IS ORDERED that petitioner's motion for state-court record (ECF No. 12) |
| 21 | is **DENIED** as moot. |
| 22 | IT FURTHER IS ORDERED that petitioner's request for an evidentiary hearing (ECF No. |
| 23 | 20) is **DENIED**. |
| 24 | IT FURTHER IS ORDERED that petitioner's motion for leave to file a response to |
| 25 | respondents reply (ECF No. 21) is **DENIED**. |
| 26 | IT FURTHER IS ORDERED that petitioner's motion asking for copies (ECF No. 25) is |
| 27 | **GRANTED** in part. The clerk of the court shall send petitioner a copy of the docket sheet. The |
| 28 | motion is **DENIED** in all other respects. |

IT FURTHER IS ORDERED that petitioner's request for an enlargement of time (ECF No. 27) is **DENIED**.

IT FURTHER IS ORDERED that that petitioner's motion to strike or withdraw his previous request for his sentencing transcripts (ECF No. 36) is **GRANTED**. The court shall take no action upon petitioner's motion for transcripts (ECF No. 28), motion for leave to file a supplement (ECF No. 31), and motion to stay his previous motion for his sentencing transcripts (ECF No. 35).

DATED: September 24, 2018.

HOWARD D. MCKIBBEN
United States District Judge